## WOODWARD *vs.* PURDY.

1. In an action to recover damages for injuries done to plaintiff's hogs, which had broken into defendant's enclosure, the defendant cannot *recoup* for damages done to his crop by the hogs, when it is shown that his fence was not a "lawful fence" agreeably to the statute.
2. The court may, in its discretion, refuse a motion to have a person, who is about the court, but has not been subpœnaed, brought in to testify as a witness in a cause.

ERROR to the Circuit Court of Walker.

Tried before the Hon. Wm. R. Smith.

This was an action brought by Purdy against Woodward before a justice of the peace, to recover damages to an amount under $20 for injuries done to plaintiff's hogs in worrying and tearing them with dogs. The justice of the peace, with a jury below, gave judgment for the plaintiff for $1 42 and costs. The defendant appealed to the Circuit Court.

In the Circuit Court, as shown by the bill of exceptions, the defendant offered to prove the injury that plaintiff's hogs had done to defendant, by breaking through his fence and destroying his crop at the time he set his dogs upon them, by way of *recoupment;* this the court refused to permit. It was shown that defendant's fence was not such as the statute calls a "lawful fence," at the time the hogs broke in.

The defendant asked permission of the court to have one Jacob Stover, who had not been subpœnaed, but who was attending court, and was at that time out upon a jury, to be "called and brought into court," stating that said Stover was a material witness for him in the cause. This the court refused.

· The refusals of the court as aforesaid are severally assigned · for error.

PETERS, for plaintiff in error.

1. By the common law, the owner of cattle could not permit them to run at large and trespass on the grounds of other persons. And if he did so, such owner generally was liable for the injuries thus committed in an action of trespass. 1 Chit. Pl. 82, 83, and notes; 16 Mass. 33; 4 Met. 589; 19 John. 385; 3 Wend. 142; 1 Denio, 101; 16 Conn. 200; 5 Greenl. Rep. 357.

And the owner of the crops or grounds thus trespasse ' upon, could legally drive away the cattle *damage feasant* from his ground, by such means and such force as might be necessary for such purpose. 18 V. & R. 425; 7 U. S. Dig. 274; 12 Ala. 840.

But, if in driving such cattle off, more force was used than was necessary for that purpose, and injury resulted from it to the owner of the cattle, he would be entitled to damages on account of the injury resulting from the excess of force. 12 Ala. 840.

And if the crops or grounds on the one hand, and the cattle on the other, were injured, it would be a case of mutual damages arising out of the same transaction; and in a justice's court particularly, where the jurisdiction excludes both law and equity. Such a case would involve the proper application of the law of *recoupment.* 13 Ala. 587; Clay s Dig. 315 § 12; 3 Ala. 756.

2. The parties have a right to enforce the attendance of their witnesses in court, if within the jurisdiction. In criminal cases this is certainly the law. And in both criminal and civil cases it is a right expressly or impliedly secured by constitutional law and enforced by statute; and the witness may attend either with or without a subpœna. Const. of Ala. Art. 1, §§ 10, 14; Clay's Dig. 602, § 17.

But the law which secures the attendance of the witness in court also secures the more important right, viz, the use of his testimony when there; else the incident takes precedence of the principal. And where a party has a right given and secured by statute and the constitution, it is not within the

discretion of the court to defeat it. 3 Chitt. Genl. Pr. 51, note d; Coke Litt. 152 a; 151 b; 6 Bing. 63.

It is no sufficient reason for the refusal of the court to allow the witness to be called, that he was out on a jury. A jury may be allowed to separate and meet again, and this does not vitiate the verdict. 2 Bailey Rep. 565; 3 How. 52; 1 Dev. & Bat. Rep. 500; 3 Cow. Rep. 355; 1 ib. 221.

This could not be a matter of discretion; and if so, it is subject to revision for an improper exercise. If, in the action of the court below, the party complaining is injured, he is entitled to reversal. Clay's Dig. 307 § 5; 4 Phil. Ev. (C. & H.) 774, note 403, and cases cited there.

EARNEST, contra.

1. Recoupment only applies where there are cross demands arising from the same contract. Hatchett v. Gibson, 13 Ala. 594, and authorities there cited.

2. It was discretionary with the court to grant or refuse the motion to have the witness "brought in to testify;" and being discretionary, the action of the court cannot be revised. Massey v. Steele's adm'r, 11 Ala. 340; Cobb v. Miller & Co. 9 ib. 499.

PHELAN, J.—From the facts stated in the bill of exceptions, the fence of the plaintiff in error, Woodward, was not a "lawful fence," agreeably to the statute, (Clay's Dig. 241,) at the time the defendant's hogs broke into his enclosure. The defendant's right of action, for the injury done to his hogs by the plaintiff's dogs, depended indeed upon this point. Under such a state of facts, no action would lie of course in favor of Woodward for the injury done to his crop by plaintiff's hogs; and if no action would lie, it was clearly not a case for *recoupment*, and the Circuit Court did not err in rejecting the testimony offered by Woodward to show damage of that kind.

The next assignment is, that the court erred in refusing to allow a witness of the defendant, who was about the court, to be "called and brought into court;" for it is stated that the request or motion was in that form; and this, although it appears that the witness had not been subpoenaed. Nothing is

clearer than that a court in its discretion may refuse such an application.

There is no error in the rulings of the court, and the judgment is affirmed.